NO. 07-05-0450-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 4, 2006



______________________________




JIM MCMAHON, APPELLANT



V.



NANCY BISHOP-LAWSON, APPELLEE




_________________________________



FROM THE 110TH DISTRICT COURT OF MOTLEY COUNTY;



NO. 2341; HONORABLE JOHN R. HOLLUMS, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Jim McMahon perfected this appeal from the trial court's judgment
granting appellee Nancy Bishop-Lawson a permanent easement and awarding her
attorney's fees. By letters dated January 23, 2006, and March 2, 2006, counsel for
McMahon notified this Court that the parties were in the process of settlement with a
resolution expected by the end of March 2006.

 On March 31, 2006, this Court directed counsel for both parties to make
arrangements to file the appellate record or file a motion to dismiss on or before April 17,
2006, indicating that failure to do so might result in dismissal. Neither parties' counsel
responded.

 Accordingly, the appeal is dismissed for failure to comply with a directive of this
Court. See Tex. R. App. P. 42.3(c).

 Don H. Reavis

 Justice


 




responsibility of filing motions for extensions of time until the supplemental reporter's
record was filed. The supplemental reporter's record was filed on November 20, 2006. 
Appellant's brief was due to be filed on or before December 20, 2006, but has yet to be
filed. By letter dated January 3, 2007, this Court notified counsel of the deficiency and
advised counsel that if no brief or response was received by January 16, 2007, the appeal
would be abated to the trial court for further proceedings pursuant to Rule 38.8(b) of the
Texas Rules of Appellate Procedure. Neither the brief nor a response was filed to this
Court's January 3 notice. 

 Therefore, we now abate this appeal and remand the cause to the trial court for
further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate
Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be
given and, thereafter, conduct a hearing to determine: 

 1. whether Appellant desires to prosecute the appeal;

 2. if Appellant desires to prosecute this appeal, then whether Appellant
is indigent; 

 3. whether present appointed counsel should be replaced; and


 what orders, if any, should be entered to assure the filing of
appropriate notices and documentation to dismiss this appeal if
Appellant no longer desires to prosecute this appeal, or, if appellant
desires to prosecute this appeal, to assure that the appeal will be
diligently pursued. 



The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant does want to continue the appeal and the court determines that present counsel
should be replaced, the name, address, telephone number, and state bar number of the
newly-appointed or newly-retained counsel shall be provided to the Clerk of this Court. 
Finally, the trial court shall execute findings of fact, conclusions of law, and any necessary
orders it may enter regarding the aforementioned issues and cause its findings,
conclusions, and orders to be included in a supplemental clerk's record. A supplemental
record of the hearing shall also be included in the appellate record. Finally, the trial court
shall file the supplemental clerk's record and the supplemental reporter's record with the
Clerk of this Court by February 20, 2007.

 It is so ordered.


 Per Curiam

 


 


Do not publish.